**Scharf-Norton Center for**
**Constitutional Litigation at the**
**GOLDWATER INSTITUTE**
Jonathan Riches (025712)
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Goldwater Institute for Public Policy Research,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Equal Employment Opportunity Commission,<br><br>Defendants, | No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief, seeking the disclosure of agency records improperly withheld from Plaintiff Goldwater Institute ("Institute") by Defendant U.S. Equal Employment Opportunity Commission ("EEOC").

1. The Goldwater Institute is a free-market public policy organization dedicated to advancing the principles of limited government, economic freedom, and individual liberty, with a focus on education, free speech, healthcare, property rights, and constitutional limits. The Institute regularly publishes scholarly articles, opinion pieces, blog posts, and interacts with the public regularly through the news media and its own distribution channels discussing pressing issues of public policy and of public interest and importance.

2. On September 29, 2023, the EEOC issued a press release announcing a suit against Meathead Movers, an independent California moving company, for alleged age

discrimination. The press release and the lawsuit that accompanies it generated both local and national media.

3. Based on media reports, it appears there were few if any employee or consumer "complaints" behind the lawsuit.

4. Instead, the EEOC launched its own investigation into Meathead Movers and then filed an "agency-initiated" lawsuit against the company.

5. The Institute submitted a public records request to the EEOC under the FOIA for information intended to inform the Institute and the public on matters of public concern involving the activities of the federal government. Specifically, the Institute sought limited records pertaining to the total number of complaints against Meathead Movers, publicly-available information about the EEOC's investigation of Meathead Movers, information about other agency-initiated lawsuits, including allegations of age discrimination, and communications about Meathead Movers, including to and from specific EEOC officials.

6. The EEOC either failed to respond to the Institute's requests in the statutorily required timeframe, or claimed FOIA exemptions that are inapplicable, or for which the EEOC has not met its burden of showing that the exemptions were properly applied either to entire records or to certain portions of records. The EEOC also failed to conduct an adequate search for responsive records.

7. Based on the EEOC's failure to comply with the FOIA, the Institute now seeks judicial relief to compel the production of records responsive to the Institute's Request.

**Jurisdiction and Venue**

8. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

10. Plaintiff Goldwater Institute is a domestic non-profit 501(c)(3) corporation

based in Phoenix, Arizona.

11. Defendant U.S. Equal Employment Opportunity Commission is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

## BACKGROUND

12. On March 7, 2025, the Institute submitted a public records request to the EEOC through its online portal and email. Attached hereto and incorporated herein, as Exhibit A.

13. The request sought the following documents and records:

(1) The total number of complaints submitted to the U.S. Equal Employment Opportunity Commission ("EEOC") pertaining to Meathead Movers or any affiliated entity pertaining to allegations of age discrimination from January 1, 2016 to the date of this request.

(2) Copies of all publicly available records on which the EEOC relied in initiating an investigation into Meathead Movers or any affiliated entity for alleged violations of federal law or EEOC regulations based on age discrimination from January 1, 2016 to January 1, 2018.

(3) The total number of investigations undertaken by the U.S. Equal Employment Opportunity Commission ("EEOC") pertaining to any moving company involving allegations of age discrimination from January 1, 2016 to the date of this request.

(4) Copies of all complaints in lawsuits filed by the EEOC based on a directed investigation from January 1, 2015 through the date of this request.

(5) Copies of all complaints in lawsuits filed by the EEOC based on a directed investigation involving allegations of a pattern-or-practice of age discrimination in violation of the Age Discrimination in Employment Act of 1967 from January 1, 2015 through the date of this request.

14. The Request sought expedited production and a fee waiver.

15. On March 7, 2025, the EEOC Office of Legal Counsel acknowledged the Request and assigned it the request number, 820-2025-008422 (the "First Acknowledgement"). Attached hereto and incorporated herein, as Exhibit B.

16. On April 14, 2025, the Institute submitted a second public records request (the "Second Request") to the EEOC through its online portal and email. Attached hereto and incorporated herein, as Exhibit C.

17. The Second Request sought the following documents and records: "Records of communications, including email communications, to or from any official or employee of the U.S. Equal Employment Opportunity Commission concerning Meathead Movers or its owner or employees, and any of the following individuals: Lance Clauson, Lacey Clauson, Julie Steinberg, or Darrell Steinberg."

18. This Second Request sought expedited production and a fee waiver.

19. On April 17, 2025, the EEOC Office of Legal Counsel acknowledged the Second Request and determined that because the Second Request involved a matter related to the First Request, aggregation was considered appropriate under 29 C.F.R. §§ 1610.9(e), 1610.15(h) ("Second Acknowledgement"). The EEOC closed request number 820-2025-008422 and assigned the request number 820-2025-010462 for the aggregated request. The Second Acknowledgement is attached hereto and incorporated herein, as Exhibit D.

20. Under the aggregated request the Institute requested six separate items:

1. The total number of complaints submitted to the U.S. Equal Employment Opportunity Commission ("EEOC") pertaining to Meathead Movers or any affiliated entity pertaining to allegations of age discrimination from January 1, 2016 to the date of this request.

2. Copies of all publicly available records on which the EEOC relied in initiating an investigation into Meathead Movers or any affiliated entity for alleged violations of federal law or EEOC regulations based on age discrimination from January 1, 2016 to January 1, 2018.

3. The total number of investigations undertaken by the U.S. Equal Employment Opportunity Commission ("EEOC") pertaining to any moving company involving allegations of age discrimination from January 1, 2016 to the date of this request.

4. Copies of all complaints in lawsuits filed by the EEOC based on a directed investigation from January 1, 2015 through the date of this request.

5. Copies of all complaints in lawsuits filed by the EEOC based on a directed investigation involving allegations of a pattern-or-practice of age discrimination in violation of the Age Discrimination in Employment Act of 1967 from January 1, 2015 through the date of this request.

6. Records of communications, including email communications, to or from any official or employee of the U.S. Equal Employment Opportunity Commission concerning Meathead Movers or its owner or employees, and

1       any of the following individuals: Lance Clauson, Lacey Clauson, Julie Steinberg, or Darrell Steinberg

2       *Id*. at 2.

3     21.    This Second Acknowledgement denied requests one, two, and three, claiming FOIA exemptions (b)3(A)(i) and (b)7(C). The Second Acknowledgement explained that Sections 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964 required that the information be withheld under Exemption (b)3(A)(i) because "you have not indicated that you represent a party to any charge(s)" and that Exemption (b)7(C) applied "because you have not indicated that you represent a party to any charge(s)" and "[d]isclosure to a third-party such as yourself could reasonably be expected to constitute a clearly unwarranted invasion of personal privacy." *Id*. at 3.

    22.    The Second Acknowledgement explained that items 4, 5, and 6 remained open and stated that "EEOC will make every effort to issue a determination on your request on or before May 28, 2025" and invoked 5 U.S.C. § 552(a)(6)(B) to assert unusual circumstances and provided notice that the time to respond to the request was being extended by ten working days which was inclusive of the May 28, 2025 deadline. *Id*. at 4.

    23.    The Second Acknowledgement also denied the Institute's fee waiver request and placed the Institute's request "on hold while our office determines what fees, if any, must be assessed before processing your request can commence." *Id*. at 5.

    24.    On June 2, 2025, after receiving no response by the agency's deadline, the Institute appealed ("Administrative Appeal") the denial of items one, two, and three of the Request as improperly denied, and items four, five, and six as improperly withheld beyond the statutory time period for production. The Administrative Appeal is attached hereto and incorporated herein, as Exhibit E.

    25.    In its Administrative Appeal, the Institute sought to compel the disclosure of the items requested because they were either improperly denied or because the EEOC failed to respond within the statutory deadline. *Id*. at 1.

    26.    In its Administrative Appeal the Institute asserted: (1) that Exemption (b)3(A)(i) and Exception (b)7(C) were wrongly applied to the items one, two, and three

1  of the Institute's aggregated request; (2) that there was no valid reason for going beyond the statutory timeframe for responding to items four, five, and six of the Institute's request; and (3) that the EEOC erred in denying the institute's fee waiver request. *Id*.

27. On June 13, 2025, the EEOC's Office of Legal Counsel sent a notice ("Fee Notice") informing the Institute that fees were required to move forward on items four and five of the Institute's request. The Fee Notice is attached hereto and incorporated herein, as Exhibit F.

28. The Fee Notice required the Institute to pay Two Hundred Eighty-Six Dollars ($286.00) to proceed with items four and five of the Institute's request. *Id*. at 1.

29. The Fee Notice made no mention of item six of the Institute's request. *Id*.

30. The Institute paid the Two Hundred Eighty-Six Dollars ($286.00) to the EEOC. As such, items four and five are still pending, but have not been produced as of the date this matter was filed.

31. On June 30, 2025, the EEOC's Office of Legal Counsel transmitted its determination of the Institute's Appeal ("Appeal Determination"), assigned FOIA Appeal No: 820-2025-000689A, for FOIA No. 820-2025-010462, denying the Institute's Appeal. The Appeal Determination is attached hereto and incorporated herein, as Exhibit G.

32. The Appeal Determination affirmed the denial of items one and two of the Institute's Request under Exemption (b)3(A)(i) and Exemption (b)7(C). *Id*.

33. The Appeal Determination changed the denial of item three and denied the request "because the Commission does not have industry level data responsive to this request." *Id*. at 5.

34. The Appeal Determination made no mention of item six of the Institute's request, *id*, even though the Institute specifically appealed the failure to reply within the statutory timeframe with respect to item six of the Institute's request. *See* Exhibit E.

35. The EEOC has violated the FOIA by improperly invoking exemptions to disclosure for items 1 and 2, failing to perform an adequate search for item 3, and for failing to provide responsive records within the statutory deadline for item 6.

# COUNT 1
### Failure to Respond within the Statutory Time Period
### (5 U.S.C. § 552(a)(6)(A), (B)))

36. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1–35 of this Complaint as if fully set forth herein.

37. An agency response is due within 20 business days after a public records request is made. 5 U.S.C. § 552(a)(6)(A)(i); 34 C.F.R. § 5.21(c).

38. An agency's response must notify the requester of the agency's determination, and whether the agency will comply with the request. *Id.*

39. Failure to comply with the time limits constitutes exhaustion of the requester's administrative remedies for purposes of judicial action to compel disclosure. 5 U.S.C. § 552(a)(6)(C); 34 C.F.R. § 5.21(c). *See also Harjo v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1092 (9th Cir. 2016) (when an agency fails to give a determination within the statutory timeframe, the requester can proceed directly to district court)

40. The EEOC's response to item six of the Institute's request was due 30 business days after the EEOC's Second Acknowledgement, accounting for the extra ten working days for unusual circumstances under 5 U.S.C. § 552(a)(6)(B).

41. The EEOC sent its Second Acknowledgment –which served as the first time the EEOC acknowledged item six on April 17, 2025.

42. In the Second Acknowledgment, the EEOC did not state whether a determination had been made regarding item six, instead stating that a determination would be made by May 28, 2025.

43. The statutory deadline to respond to item six of the Request was May 28, 2025.

44. The EEOC did not respond to item six of the Request and the EEOC has not provided responsive records for item six of the Request.

45.     An agency is permitted to toll the 20-day period only when: (1) it seeks additional information from the requester; or (2) if necessary to clarify issues regarding the fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii).

46.     The EEOC may make one request for additional information, tolling the 20-day period until they receive additional information. 34 C.F.R. § 5.21(d). *See also* 34 C.F.R. § 5.32(h) (EEOC may toll while clarifying issues regarding fee assessment).

47.     The agency's receipt of the requester's response to the agency's request ends the tolling period. 5 U.S.C. § 552(a)(6)(A)(ii)(II).

48.     EEOC has not requested any additional information from the requester nor is there any outstanding fee question, as the EEOC has denied the Institute's request for a fee waiver.

49.     The EEOC's failure to respond to the Institute's Request within the statutory timeline violates the FOIA, 5 U.S.C. § 552(a)(6)(A), (B), and the EEOC's corresponding regulations.

**COUNT II**
**Production Under FOIA: Improper Application of FOIA Exemptions**

50.     Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1–49 of this Complaint as if fully set forth herein.

51.     The EEOC has claimed that FOIA Exemptions (b)3(A)(i) and (b)7(C) required the denial of items one and two of the Institute's Request.

52.     An agency shall withhold information only if "the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A).

53.     FOIA Exemptions are to be narrowly construed. *FBI v. Abramson*, 456 U.S. 615, 630 (1982).

54.     FOIA Exemptions (b)3(A)(i) and (b)7(C) were improperly applied by the EEOC.

55. FOIA Exemptions (b)3(A)(i) and (b)7(C) were not narrowly construed by the EEOC.

**Exemption (b)3(A)(i)**

56. Exemption (b)(3)(A)(i) allows agencies to withhold records that another statute requires "be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3)(A)(i).

57. The EEOC asserts that 42 U.S.C. § 2000e-5(b) prohibits disclosure of items one and two of the Request.

58. Under 42 U.S.C. § 2000e-5(b), "[c]harges shall not be made public by the Commission … Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees."

59. 42 U.S.C. § 2000e-5(b) only applies to information gathered during informal endeavors to resolve the claim, like conference, conciliation, and persuasion. *See EEOC v. Philip Servs. Corp.*, 635 F.3d 164, 165 (5th Cir. 2011); *EEOC v. UMB Bank Fin. Corp.*, 558 F.3d 784, 789 (8th Cir. 2009).

60. The total number of investigations has no relation to any informal endeavors to settle a matter.

61. The EEOC also asserts that 42 U.S.C. § 2000e-5(b) prohibits disclosure of items one and two of the Request.

62. 42 U.S.C. § 2000e-5(b) does not bar the disclosure of the records sought under items one and two of the Request because the requested records do not involve records pertaining to the resolution of claims.

63. Under 42 U.S.C. § 2000e-8(e), "[i]t shall be unlawful for any officer of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information." 42 U.S.C. § 2000e-8(e) only prohibits the disclosure of information obtained by the EEOC *before* any legal proceedings have been initiated.

64. Proceedings against Meathead Movers are already underway.

65. Because the EEOC already initiated public proceedings, 42 U.S.C. § 2000e-8(e) is inapplicable.

66. What's more, 42 U.S.C. § 2000e-8(e) does not bar the disclosure of information pertaining to the aggregate number of complaints.

67. The purpose of both 42 U.S.C. § 2000e-8(e) and 42 U.S.C. § 2000e-5(b) "was to prevent wide or unauthorized dissemination of unproved charges." *EEOC v. Associated Dry Good Co.*, 449 U.S. 590, 599 (1981).

68. That concern is not implicated here because the information requested in items one and two of the Request would not identify any individuals or entities under investigation, nor would its disclosure publicize unproven allegations.

69. The records were not properly withheld under Exemption (b)3(A)(1).

**Exemption (b)(7)(C)**

70. Exemption (b)(7)(C) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information … (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

71. In applying this Exemption, the EEOC asserted that the "[r]elease of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation" and that the "[d]isclosure of identities of employee-witness could cause 'problems at their jobs and with their livelihoods.'" Exhibit D at 3 (citation omitted).

72. In items one and two of the Request, the Institute does not seek statements or identities of witnesses; instead, the Institute seeks only raw numbers or information already publicly available.

73. A disclosure impacts a privacy interest under Exemption (b)7(C) only "if it affects 'the individual's control of information concerning his or her person,' or involves

1  the 'disclosure of records containing personal details about private citizens.'" *Tuffly v.*
2  *U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1093 (9th Cir. 2017) (citation omitted).

3      74.    It is only those "'[d]isclosures that would subject individuals to possible
4  embarrassment, harassment, or the risk of mistreatment [that] constitute nontrivial
5  intrusions into privacy.'" *Id.* (citation omitted).

6      75.    Items one and two of the request do not seek any personally identifiable
7  information because those requests are only for aggregate data that does not include
8  personal or private information.

9      76.    The records were not properly withheld under Exemption (b)7(C).

10     77.    There is no interest protected by Exemptions (b)3(A)(i) and (b)7(C) that
11 would be harmed by disclosure. 5 U.S.C. § 552(a)(8)(A).

12     78.    The EEOC's failure to release the information requested by the Institute
13 violates the FOIA, 5 U.S.C. § 552(a)(3), 5 U.S.C. § 552(a)(6), and the EEOC's
14 corresponding regulations.

**COUNT III**
**Inadequate Search under the FOIA**

17     79.    Plaintiff re-alleges and incorporates each and every allegation contained in
18 paragraphs1–78 of this Complaint as if fully set forth herein.

19     80.    The EEOC did not produce records responsive to item three of the Request
20 "because the Commission does not have industry level data responsive to this request."
21 Exhibit G at 5.

22     81.    The FOIA requires an agency responding to a request to "demonstrate that
23 it has conducted a search reasonably calculated to uncover all relevant documents."
24 *Zemansky v. EPA,* 767 F.2d 569, 571 (9th Cir. 1985) (citation modified).

25     82.    Item three of the Request seeks information pertaining to the total number
26 of investigations the EEOC has conducted of moving companies for alleged age
27 discrimination.

83. On information and belief, the EEOC maintains records of its investigations, including the bases and targets of its investigations.

84. The EEOC's regulations require it to maintain "[m]aterials in office investigative files related to charges" under its jurisdiction, including charges of age discrimination. 29 C.F.R. § 1610.7(a)(4).

85. On information and belief, the EEOC's search for investigatory records was inadequate because an adequate search would reveal records of agency investigations, including the bases and targets of its investigations.

86. In item three of its Request, the Institute did not seek "industry level data." Exhibit G at 5. Instead, the Institute sought only "[t]he total number of investigations." Exhibit A at 1.

87. The EEOC violates the FOIA because it did not conduct an adequate search for item three of the Request.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B. Declare that Defendant improperly failed to respond to Plaintiff's FOIA Request within the statutory time period, under 5 U.S.C. § 552(a)(6)(A), (B);

C. Declare that Defendant's failure to disclose the records requested by Plaintiff violates the FOIA and that the records sought by Plaintiff must be disclosed pursuant to 5 U.S.C. § 552;

D. Order Defendant to immediately and expeditiously provide Plaintiff copies of the requested records;

E. Enjoin Defendant from withholding records and order Defendant to disclose the requested records in their entirety and make copies available to Plaintiff;

F. Enter a finding that personnel employed by Defendant acted arbitrarily and capriciously in withholding public records from Plaintiff as provided in 5 U.S.C. § 552(a)(4)(F);

G. Award Plaintiff costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

H. Grant such other and further relief as this Court may deem just and proper

**RESPECTFULLY SUBMITTED** this 16th day of July 2025 by:

/s/ *Jonathan Riches*
Jonathan Riches (0257120
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**

*Attorneys for Plaintiff*